## PHILANDER S. BRIGGS & another *vs.* HUGH RAFFERTY.

In an action for the price of intoxicating liquors, the defendant may prove that he was not authorized by law to sell them; and, for the purpose of proving the plaintiffs' knowledge of this, may give in evidence former sales by the plaintiffs to the defendant, and bills and receipts of former transactions between the parties, indicating the defendant's place of business.

The want of a license to sell intoxicating liquors may be proved by the records of the city clerk, without previous notice to the party to produce his license.

The freight books of a railroad corporation, supported by the testimony of the clerk who made them that he had no doubt the facts stated therein were correct, are admissible in evidence, although he has no personal recollection of the facts.

In an action of contract, the defendant on cross-examination testified that he had no objection to paying the debt; and the plaintiff's counsel argued to the jury that the debt was thereby admitted; but no ruling was asked or given on this point. *Held*, that the plaintiff had no ground of exception.

ACTION OF CONTRACT to recover the price of New England rum. Trial in the court of common pleas in Essex, at March term 1859, before *Briggs*, J., who signed this bill of exceptions:

" The defendant offered evidence tending to prove that he was not an authorized agent for the sale of liquors ; that he purchased these liquors for the purpose of retailing them at his place of business in Lawrence, and that the plaintiffs knew the purpose for which the defendant bought the liquors at the time of the sale. This evidence was admitted, against the objection of the plaintiffs.

" The defendant proposed to prove that he had bought liquors of the plaintiffs, and of one of the members of the plaintiffs' present firm, before he joined this firm, and that the plaintiffs then knew the residence and business of the defendant, and had continued to know it to the time of the sale of the liquors sued for, and that the plaintiffs knew that they were used for an illegal purpose. The court ruled that evidence of prior sales by this firm to the defendant might be put in for the purpose named.

" To prove that the plaintiffs were not licensed in Boston, the defendant called the city clerk of Boston with his record of licenses. The plaintiffs insisted that this evidence could not be

admitted, as the defendant had given them no notice to pro-
duce the original license or licenses; and that, until they had
had such notice and refused to comply therewith, the evidence
to be derived from records was not admissible.

" The plaintiffs' counsel in his opening or during the trial in
presence of the jury contended that the liquors were sold to be
exported out of the Commonwealth; and some evidence was
put into the case tending to prove an agreement between the
parties that such pretence should be made. The defendant
introduced a servant of the Boston and Maine Railroad to
prove that the liquors were sent by and carried over the railroad
to Lawrence; and the defendant had put in evidence tending to
prove that plaintiffs' clerk marked and sent them to the depot in
Boston to be carried to Lawrence. The servant of the corpora-
tion testified that the books produced were the regular freight
business books of the company; that the entries were in his
handwriting; that he had no doubt that they were correct, and
that the transactions therein recorded took place, but that he had
no personal recollection of the facts so as to specify them. The
books were allowed to be read to the jury.

" The defendant offered and the court admitted several bills
and receipts from the plaintiffs to the defendant, prior to the sale
in question, to be put into the case (it having been first shown
that they came from the plaintiffs to the defendant) for the pur-
pose among others of showing that the plaintiffs knew the place
of business of the defendant.

" During the cross-examination of the defendant by the plain-
tiffs' counsel, the defendant was asked, " What is your defence
to this debt?" *Answer.* " I don't know." " Have you any ob-
jection to paying the debt?" *Answer.* " No." The defendant's
counsel explained to the jury that the defendant had never been
unwilling to pay the bill itself; that it had been sued without
giving the defendant time to pay it, and that the defendant was
unwilling to pay the costs incurred. The plaintiffs' counsel
asked no ruling of the court at any time upon the answer, but
claimed in his argument to the jury that the answer was a
waiver of all matters of defence. The jury gave a verdict for
the defendant.

Briggs & another *v.* Rafferty.

" To all the above rulings, instructions and refusals the plaintiffs except."

*J. Q. A. Griffin & A. W. Boardman,* for the plaintiffs.

*B. F. Watson,* for the defendant.

Dewey, J.   1. The evidence offered to show that the defendant was not an authorized agent for the sale of liquors, to whom liquors might be sold for such purpose, and that the plaintiffs knew the illegal purpose for which the defendant purchased the liquors, was competent; and in aid of establishing this fact the evidence of former sales by this firm, and of bills and receipts from the plaintiffs to the defendant, made and delivered by the plaintiffs on the occasion of such sales, indicating the place of business of the defendant, was also competent.   *Hubbell* v. *Flint,* 13 Gray, 277.

2. The evidence of the city clerk of Boston, with his record of licenses granted, was competent upon the question whether the plaintiffs were licensed to make sales in Boston, and it was not necessary as preliminary to this proof to give notice to the plaintiffs to produce their license.   The defence assumed that they had no license.   It was not an attempt to give secondary evidence of the contents of a written paper, but to show by the records that no such document existed.

3. The evidence that the goods were marked and sent to Lawrence by the plaintiffs, and the introduction of the freight business books, for the purposes for which they were offered, were competent.

4. We perceive no ground for any objection that the court did not instruct the jury that the defendant had by his testimony, given on the trial, waived all defence to the action, set up in his answer.   No such instructions were asked of the court, and if asked for, they could not have been properly given.

*Exceptions overruled.*